# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6201 | **DATE** | 10/12/2012 |
| **CASE TITLE** | Day vs. Inland Management Corporation, et al. | | |

**DOCKET ENTRY TEXT**

For the foregoing reasons, Defendant's motion to dismiss is denied.

■[ For further details see text below.]

## STATEMENT

On April 24, 2012 Plaintiff Stephanie Day ("Day" or "Plaintiff") filed an amended complaint alleging racial discrimination, gender discrimination, retaliation, and wrongful termination. Plaintiff alleges violations of the Civil Rights Act of 1871 (Count I), Title VII (Counts II, III, and IV), the Illinois Whistle Blowing Statute (Count V), and breach of contract (Count VI). On July 17, 2012, Defendant Inland SBA Management Corporation ("Inland" or "Defendant") moved to dismiss Count VI of Plaintiff's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the foregoing reasons, Defendant's motion to dismiss is denied.

Count VI of Plaintiff's amended complaint states a claim for breach of contract. Day alleges that her employment contract was memorialized in an exchange of emails confirming terms orally agreed to in a prior teleconference. The alleged contract provides that Plaintiff would get a bonus at the end of her second year which would be calculated by deducting her salary and the salary plus bonuses of anyone else in the department at that time from the $200,000 department budget. Inland argues that Plaintiff fails to allege a plausible breach of contract claim because the language of the alleged contract does not guarantee a $50,000 bonus. Defendant contends that in order to allege a plausible breach of contract claim, Plaintiff must allege (1) that there was money left over in the department's budget after her salary, the salary of other employees, and the bonuses of other employees were paid from the $200,000 budget and; (2) that Defendant failed to

| STATEMENT |
|---|

give Day the remaining sum in the form of a second year bonus.

Plaintiff responds that she has pled sufficient facts to state a plausible and non-conclusory breach of contract claim. Plaintiff argues that accepting the allegations of her complaint as true, she has demonstrated that there was a written offer of employment which was accepted, that the contract provided for a second year bonus to be calculated by subtracting her salary, the salary of other employees, and the bonuses of other employees from the $200,000 budget, and that having calculated her bonus based on the criteria agreed to in the contract, Plaintiff is owed $50,000 which Inland refused to pay her.

In order to survive a motion to dismiss, <u>a complaint must contain sufficient factual allegations to state a claim to relief that is plausible on its face.</u> *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)<u>. This standard is met when the plaintiff pleads factual content that allows the court to</u> draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* A motion to dismiss tests the sufficiency not the merits of the case. *Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Accordingly, <u>the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor</u>. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Defendant's argument that Day must explicitly state in her complaint that there was a "balance" left in her department's budget is one of semantics and unpersuasive. Plaintiff essentially does allege that there was a balance left over when she alleges that she calculated what her bonus should be by subtracting her salary, the salary of other employees, and the bonuses of other employees from the $200,000 budget and was left with $50,000 which should have been her bonus. The fact that Plaintiff does not expressly state that the $50,000 was the resulting "balance" is insignificant. The Court finds that it is a reasonable inference to conclude that the resulting $50,000 after Plaintiff's calculations constitutes the balance remaining from the department's budget and bonus due to Day, pursuant to the criteria provided in the parties' alleged contract. Accordingly, the Court finds that Plaintiff has sufficiently alleged a claim for breach of contract. Defendant's motion to dismiss Count VI of Plaintiff's amended complaint is denied.