# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE DAY, ) | |
|     Plaintiff, ) | |
| ) | Case No. 11 cv 6201 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| INLAND SBA MANAGEMENT ) | |
| CORPORATION, an Illinois corporation, and ) | |
| SOMERCOR 504, INC., an Illinois corporation, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On September 18, 2013, this Count entered judgment for defendants Inland SBA Management Corporation and SomerCor 504 (collectively, "Defendants") on plaintiff's, Stephanie Day, claims of discrimination and retaliation. Memorandum Opinion and Order, Dkt. #153. Day now moves to alter or amend judgment on her retaliation claim pursuant to Fed.R.Civ.P. 59(e). For the following reasons, Day's motion is respectfully denied.

Rule 59(e) motions serve a limited function and are permissible where there is newly-discovered evidence, where there has been a change in the law or where the judgment reflects a manifest error of law or fact. *Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation omitted). A Rule 59(e) motion that "merely t[akes] umbrage with the court's ruling and rehashe[s] old arguments" is not an appropriate candidate for relief under the Rule. *Id*. The decision to grant or deny a Rule 59(e) motion is within the sound discretion of the district court. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The Court granted Defendants' motions for summary judgment on Day's retaliation claim because she failed to demonstrate a causal connection between her filing of an administrative complaint and her termination pursuant to the standard announced in *University of Texas Southwestern Medical Center v. Nassar*, 133 S. Ct. 2517, 186 L. Ed. 2d 503 (2013). Dkt. #153, p. 7. Indeed, Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action. *Id.* (*citing Nassar*, 133 S.Ct. at 2534). Day failed to provide any direct evidence of retaliation. Dkt. #153, p. 7. Moreover, Day failed to establish a prima facie case under the indirect method because she failed to offer any evidence that she was treated less favorably than some similarly situated employee who did not engage in the statutorily protected activity. *Id.* In her motion to alter or amend judgment, Day essentially restates arguments presented to the Court at summary judgment. A Rule 59(e) motion is not an appropriate vehicle for relitigating arguments that the district court previously rejected. *Bender*, 948 F. Supp. 2d at 865 (*citing Caisse Nationale de Credit Agricole v. CBI Indus. Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)).

Day previously argued that she was never notified of customer complaints until late 2010 but did not then and does not now deny that customer complaints may have existed prior to her being informed of them. Moreover, while Day argues that the Court erred in failing to draw all reasonable inferences in Day's favor relating to her customer service issues, it is well-supported by the record that complaints regarding Day's customer service were made prior to any written discipline in November 2010. Additionally, Day contends that the Court failed to acknowledge certain circumstantial evidence, including Day's internal complaints made in October and November 2010 (prior to filing her EEOC claim in December 2010) and certain emails exchanged between her supervisors during that time, which Day argues suggest retaliatory

2

motive. Day seems to believe the Court overlooked this evidence because some of it was not specifically referred to in the Court's Memorandum Opinion and Order. However, Day presents no arguments or evidence that were not also presented to and considered by the Court at summary judgment. The Court reiterates that this evidence does not establish that Day's protected activity was the but-for cause of the alleged retaliation. *See Nassar*, 133 S.Ct. at 2534. Finally, Day suggests that the Court's ruling is inconsistent with *Hobgood v. Illinois Gaming Board*, 731 F.3d 635 (7th Cir. 2013), a post-*Nassar* case wherein the Seventh Circuit reversed a district court's granting of summary judgment against a plaintiff alleging retaliation.

Day has failed to show that any manifest error of law or fact occurred in granting Defendants' motion for summary judgment. Accordingly, Day's motion to alter or amend judgment is denied.

IT IS SO ORDERED.

_____
Date: April 17, 2014

_____
Sharon Johnson Coleman
United States District Judge