UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE DAY, | ) |
|     Plaintiff, | ) |
| | )   Case No. 11 cv 6201 |
| v. | ) |
| | )   Judge Sharon Johnson Coleman |
| INLAND SBA MANAGEMENT | ) |
| CORPORATION, an Illinois corporation, and | ) |
| SOMERCOR 504, INC., an Illinois corporation, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

On September 18, 2013, this Court entered judgment in favor of defendants Inland SBA Management Corporation ("Inland") and SomerCor 504, Inc. ("SomerCor"). Plaintiff, Stephanie Day, subsequently moved for reconsideration, which was denied. This matter is now before the Court on defendants' motions for bill of costs, seeking $22,644.93 total. Day objects to each defendants' bills of costs and requests the Court to either deny defendants' bills of costs or significantly reduce Day's obligation to pay costs.

Legal Standard

Rule 54(d) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d). The Rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). The prevailing party is entitled to costs unless the opposing party overcomes the presumption. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). A prevailing party may recover: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923; (6) compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1928. 28 U.S.C. §1920.

Courts use a two-step approach to determine whether to award costs. To be recoverable, costs must fall under one of the statutory categories of §1920 and be both reasonable and

necessary to the litigation. *Cefalu v. Village of Elk Village*, 211 F.3d 416, 427 (7th Cir. 2000). The party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable. *Trs. of the Chi. Plastering Pension Trust v. Cork Plastering, Co.*, 570 F.3d 890, 904–905 (7th Cir. 2008). Costs incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

## Transcript Costs

Inland seeks to recover $4,273.45 in transcript costs for the following depositions: Stephanie Day (plaintiff), Crystal Howard, Howard Jaffe, Milan Maslic, Gabriel Beukinga, Tanya Herbert, Mary Cvengros, David Frank, and Nora O'Connor. (Dkt. #172-1, Inland Bill of Costs.) The costs associated with deposition transcripts and copies are recoverable where such costs are "necessarily obtained" for use in the case. *See* 28 U.S.C. § 1920(2), (4). The determination of necessity must be made in light of the facts known at the time of the deposition. *Mother & Father v. Cassidy*, 338 F.3d 704, 712 (7th Cir. 2003). Day objects to Inland's transcript costs arguing Inland fails to show the costs incurred were necessary and further fails to substantiate its costs with proper documentation, such as page length, cost per page, receipts or invoices. Indeed, aside from identifying the person deposed and the amount taxed, Inland provides no documentation to the Court in support of its transcript costs. Accordingly, Day's objection is sustained and these costs are denied.

SomerCor seeks to recover $6,236.70 for the same deposition transcripts. (Dkt. #158, SomerCor Bill of Costs.) In support, SomerCor attaches invoices for all transcript costs it seeks to recover, including court reporter fees, number of transcript pages and cost per page for each transcript. (Dkt. #158-1, SomerCor Itemization of Bill of Costs; #158-2, SomerCor Invoices.) Day objects to the cost per page assessed to Day's deposition as SomerCor ordered a copy of the transcript, not the original. Local Rule 54.1(b) provides for recovery of the transcript at a cost not to exceed "the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." Pursuant to the rate set by the Judicial Conference, SomerCor is entitled to $0.90 per page for transcript copies. Accordingly, Day's objection is sustained and the Court will deduct $881.50 from SomerCor's bill of costs.

Day also objects to transcript costs relating to Crystal Howard's deposition and argues the deposition was not reasonably necessary to the case at the time it was taken. SomerCor states

that Howard's deposition was also used in *Howard v. Inland SBA Management Corporation*, Case No. 11-cv-7905, and only seeks to recover costs for the 130 pages of transcript relating to the instant case. The Court notes that Howard is referenced in Day's amended complaint, as well as briefs filed in support of and in opposition to SomerCor's motion for summary judgment and this Court's Opinion and Order granting SomerCor's motion. As such, the Court finds that Howard's deposition was reasonably necessary to the case at the time it was taken and overrules Day's objection.

## Printing Costs

Inland seeks to recover $2,720.07 of printing costs. A prevailing party may recover costs for copies that were "necessary for use in the case." 28 U.S.C. § 1920(4). While a prevailing party is not required to provide a detailed explanation for the necessity of each page copied, it is required to provide the best breakdown of copying costs from retained records. *Trading Tech. Int'l, Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 979 (N.D.Ill. 2010) (citing *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 644 (7th Cir.1991)). Here, Inland again fails to submit any invoices or receipts in support of its costs, but lists only "outside photocopies" and "1/2 the cost for document conversion, labeling and duplication" as its printing costs. (Dkt. #172-1.) Day objects to these costs and argues that Inland's substantiation completely fails to show that the costs were necessarily obtained for use in the case. Accordingly, the Court denies Inland's copying costs.

SomerCor seeks to recover $9,414.71 of printing and copying costs, and attaches invoices from Strategic Document Solutions, Inc. as well as receipts from Fed Ex Printing & Copying. (Dkt. #158-1; #158-2, pp. 11-18.) Day contends that because the costs are described only as "legal copies," "bates label copies," and "copying costs" the only reasonable inference is that the copies were made solely for attorney convenience and thus not recoverable. The Court acknowledges that SomerCor incurred printing and copying costs during the course of this litigation which were likely necessary for use in the case. However, the Court finds SomerCor's submissions are insufficient documentation of costs and do not provide the Court with the information necessary to determine whether the costs were necessary or were made for the sake of convenience. Where the prevailing party has failed to provide sufficient information, courts in this district have either reduced copying costs by a substantial percentage or denied copying costs entirely. *See e.g., Trading Tech.*, 750 F.Supp.2d at 979. The Court finds that a 50 percent

reduction in printing costs is appropriate given that SomerCor's submissions, though lacking in detail, show that it incurred substantial copying costs. Accordingly, the Court awards SomerCor $4,707.36 for printing costs.

## Conclusion

For the reasons stated herein, the Court grants in part and denies in part Inland's and SomerCor's Bill of Costs. Day's objections are sustained in part and overruled in part. Inland's bill of costs is denied in its entirety. SomerCor is awarded $5,355.20 in transcript costs and $4,707.36 printing costs.

IT IS SO ORDERED.

_____
Date: August 12, 2014

Sharon Johnson Coleman
United States District Judge